IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-203-H
No. 5:15-CV-421-H

YANCEY MUSGRAVE,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate his sentence under 28 U.S.C. § 2255, [D.E. #42 and #53]. Although the government initially filed a motion to dismiss, [D.E. #46], it has recently filed a response, [D.E. #61], consenting to the vacatur of petitioner's criminal judgment in light of the recent decision by the Fourth Circuit in United States v. Gardner, __ F.3d __, No. 14-4533, 2016 WL 2893881 (4th Cir. May 18, 2016). This matter is ripe for adjudication.

**BACKGROUND**

On October 4, 2007, petitioner pled guilty, without a written plea agreement, to unlawfully possessing a firearm after having been convicted of a felony offense in violation of 18 U.S.C. §§ 922(g) and 924. At petitioner's sentencing hearing on

January 22, 2008, petitioner was found to be subject to an enhanced penalty under the Armed Career Criminal Act ("ACCA"). One of the predicate offenses used to support the ACCA enhancement was petitioner's prior conviction of North Carolina common law robbery. Instead of a maximum term of imprisonment of ten years, petitioner was subject to a minimum term of imprisonment of fifteen years under the ACCA and was sentenced to a term of imprisonment of 188 months. Petitioner filed his original motion to vacate his sentence under 18 U.S.C. § 2255 on August 24, 2015, and then filed an amended motion on April 22, 2016, alleging the predicate conviction of North Carolina common law robbery used to enhance his punishment under the ACCA can no longer be considered crimes of violence.

## COURT'S DISCUSSION

Title 28 U.S.C. § 2255 imposes a one-year statute of limitations on actions filed pursuant to that section. The pertinent text of 28 U.S.C. § 2255 provides that:

> A 1-year limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of diligence.

28 U.S.C. § 2255(f). Petitioner has timely filed the instant motion to vacate within one year from the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable. See Welch v. United States, ___ U.S. ___, No. 15-6418, 2016 WL 1551144 (U.S. Apr. 18, 2016) (declaring Johnson v. United States, 135 S.Ct. 2551 (2015) (holding the residual clause of the ACCA unconstitutional), retroactively applicable).

Petitioner argues in light of Johnson North Carolina common law robbery can no longer be considered a crime of violence under the ACCA. When presented with this question, the Fourth Circuit Court of Appeals recently decided North Carolina common law robbery "does not qualify categorically as a 'violent felony' under the ACCA." Gardner, 2016 WL 2893881, at *7. In its decision, the Fourth Circuit refused to consider North Carolina common law robbery a categorical match to the enumerated offense of extortion, see id. at *5 n.5, and found it "does not

3

necessarily include the use, attempted use, or threatened use of 'force capable of causing physical pain or injury to another person,' as required by the force clause of the ACCA[,]" id. at *7.

Therefore, in light of the Supreme Court's decisions in Johnson and Welch and the Fourth Circuit's decision in Gardner, petitioner no longer has enough qualifying predicate convictions to remain subject to an enhanced penalty under the ACCA. Petitioner, therefore, has been sentenced to a term of imprisonment in excess of his statutory maximum punishment. Petitioner's sentence shall be vacated, and he shall be resentenced.

## CONCLUSION

For the foregoing reasons and without objection from the government, petitioner's motion to vacate his sentence, [D.E. #42 and #53], is GRANTED. This matter is SCHEDULED for resentencing on the **September 13, 2016 term of court.** Petitioner shall remain in custody pending the resentencing hearing.

CJA Counsel appointed by the Federal Public Defender of the Eastern District of North Carolina is DIRECTED to continue representing petitioner in connection with the resentencing. The United States Probation Office ("USPO") is DIRECTED to provide the parties and the court with a resentencing memorandum. The

4

clerk is DIRECTED to serve a copy of this order on CJA Counsel and the USPO.

This 9th day of August, 2016.

Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#34